**WILBERT & WILBERT LLP**
Joseph R. Wilbert, Esq. (SBN 270792)
jwilbert@wilbertandwilbert.com
Christian W. Wilbert, Esq. (SBN 106479)
cwwilbert@gmail.com
Caroline S. Scala, Esq. (SBN 286495)
cscala@wilbertandwilbert.com
2 Park Plaza, Suite 820
Irvine, CA 92614
Telephone:   (714) 545-3500
Facsimile:    (714) 242-1544

Attorneys for Plaintiff,
ARBITECH, LLC

**DRINKER BIDDLE & REATH LLP**
William A. Hanssen, Esq. (SBN 110613)
Suzanne V. Stouder, Esq. (SBN 161077)
1800 Century Park East, Suite 1400
Los Angeles, CA 90067-1517
Telephone: (310) 203-400
Facsimile: (310) 229-1285
william.hanssen@dbr.com
suzanne.stouder@dbr.com
*Local Counsel for Defendant U.S. Specialty Insurance Company*

**SHIPMAN & GOODWIN LLP**
Joshua Weinberg, Esq. (pro hac vice)
Alexander R. Karam, Esq. (pro hac vice)
1875 K Street, NW, Suite 600
Washington, DC 20006-1251
Telephone: (202) 469-7750
Facsimile: (202) 469-7751
jweinberg@goodwin.com
akaram@goodwin.com
*Counsel for Defendant U.S. Specialty Insurance Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ARBITECH, LLC,<br><br>        Plaintiff.<br><br>      v.<br><br>U.S. SPECIALTY INSURANCE COMPANY,<br><br>        Defendant. | Case No. SACV14-00547 DOC (DFMx)<br><br>**Discovery Document**:  Referred to Magistrate Judge Douglas F. McCormick<br><br>District Judge David O. Carter<br>Courtroom 9-D<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

WILBERT & WILBERT LLP
A Limited Liability Partnership

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to this litigation which may relate to the parties' and third parties' financial information, competitive information, confidential information relating to attorney invoices, or other types of sensitive information that the party making the production deems confidential; and

WHEREAS, it has been agreed by and between the parties to this litigation, through their respective counsel, that in order to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties,

On the basis of the foregoing and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1.      In connection with discovery proceedings in this action, any party or third party discovery recipient may designate a document, thing, material, testimony or other information that the party or third party (the "designating party") reasonably believes contains information that is lawfully entitled to confidential treatment under federal and/or applicable state law as CONFIDENTIAL under the terms of this Order.  CONFIDENTIAL information is trade secrets, sensitive competitive commercial, financial or proprietary business information, or material permitted or required to be kept confidential by state or federal law.

2.      By designating something CONFIDENTIAL under this Order, the designating party certifies to the Court that it has a good faith basis in law and in fact for the designation.

3.      CONFIDENTIAL documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping CONFIDENTIAL on the cover of any multipage documents shall

designate all pages of the document as CONFIDENTIAL, unless the producing party indicates otherwise.

4. Testimony taken at a deposition may be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition or within fourteen (14) days thereafter. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as CONFIDENTIAL, and to label such portions appropriately.

5. Documents and information designated as CONFIDENTIAL ("CONFIDENTIAL MATERIAL") under this Order shall be used only for the purpose of the prosecution, defense, or settlement of this action, pursuing or responding to requests for insurance coverage under the insurance policies at issue in this action and, as appropriate, pursuing claims for reinsurance. CONFIDENTIAL MATERIAL may be disclosed or made available only to officers of the Court, to counsel for a party (including staff employed by such counsel), to officers, directors, employees, agents and authorized representatives of a party who are involved in the prosecution or defense of this litigation, to auditors, reinsurers or regulators who request access to such material, and to the "qualified persons" designated below:

        a. experts or consultants (including their staff) retained by counsel to assist in the prosecution, defense, or settlement of this action;

        b. copy vendors and litigation support providers hired by any party to provide litigation support in connection with this action;

        c. court reporter(s) employed in this action;

        d. a witness at any deposition or other proceeding in this action; and

        e. any other person as to whom the parties agree in writing.

WILBERT & WILBERT LLP
A Limited Liability Partnership

Prior to receiving any CONFIDENTIAL MATERIAL, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A.

6.    CONFIDENTIAL MATERIAL may not be disclosed or discussed at any deposition attended by persons not permitted access to CONFIDENTIAL MATERIAL pursuant to paragraph 5.

7.    If a party or third party discovery recipient inadvertently fails to designate something as CONFIDENTIAL at the time of production, the party or third party may designate it as CONFIDENTIAL on notice to all receiving parties, provided that no receiving party shall be liable for any disclosure of information that may have occurred prior to receiving notice of the CONFIDENTIAL designation.

8.    Nothing herein shall impose any restrictions on the use or disclosure of material obtained by a party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or on a party's disclosing its own CONFIDENTIAL MATERIAL as it deems appropriate.

9.    Nothing in this Order shall operate as an admission by any party that any particular document or information is, or is not, confidential or admissible in evidence.  A party's failure to challenge a CONFIDENTIAL designation shall not preclude that party from subsequently challenging the designation.  In the event that any receiving party disagrees at any stage of these proceedings with the designation of any such information as CONFIDENTIAL, it and the designating party shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, either party may seek appropriate relief from the Court.  The designating party shall have the burden of proving that the information should be treated as CONFIDENTIAL.

10.    The inadvertent disclosure of documents protected by any applicable privilege or rule of confidentiality or non-disclosure shall not be deemed a waiver of privilege.  Upon written notification by the party claiming privilege, the

inadvertently produced document – including all copies, summaries, and abstracts of the document – shall be returned to the party claiming privilege or destroyed within ten (10) calendar days of receipt of such notification. Disputing a claim of privilege shall not remove or delay the receiving party's obligation to return the inadvertently disclosed document. If a receiving party has reason to believe that it has received any privileged material that may have been inadvertently produced, it shall immediately notify the producing party of such belief and take all reasonable precautions to avoid all dissemination of the material and to collect all copies, summaries, and abstracts of the potentially privileged materials, pending further instructions from the producing party. Further, any disclosure of privileged or protected information shall not constitute a waiver of the applicable privileges or protections as to any other party.

11.    If CONFIDENTIAL MATERIAL is disclosed to any person other than in the manner authorized by this Order, the person responsible for the unauthorized disclosure shall notify counsel for all parties and make every reasonable effort to prevent further disclosure by it and whomever received such information.

12.    Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action. If a receiving party is served with a subpoena or court order in other litigation that would compel disclosure of any CONFIDENTIAL MATERIAL, the party must notify the designating party and forward to the designating party a copy of the subpoena or order. The receiving party shall not produce any CONFIDENTIAL MATERIAL until the designating party has had a reasonable opportunity to seek an order in the other litigation. The designating party shall bear the burden and its own expense in seeking protection of its CONFIDENTIAL MATERIAL in the court of the other litigation.

13.    If CONFIDENTIAL MATERIAL is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file

confidential portions thereof under seal if such portions are segregable, or (b) file the papers in their entirety under seal if the confidential portions are not segregable.

14.     Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.  The parties shall follow and abide by local rules and applicable law with respect to filing documents under seal.

15.     This Order shall be without prejudice to the right of the parties to (a) bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (b) present a motion to the Court for a separate protective order as to any particular document or information.

16.     Within thirty (30) days of the termination of this action, the designating party may specify whether all CONFIDENTIAL MATERIAL within the receiving party's possession shall be (i) returned to the designating party, (ii) destroyed, with a certification of destruction by the receiving party to the designating party, or (iii) retained by the receiving party, provided that the receiving party maintains adequate measures to ensure that the non-disclosure provisions of this protective order remain in force.  The receiving party shall comply with the designating party's instruction regarding the disposition of CONFIDENTIAL MATERIAL within sixty (60) days of receipt of that instruction.

17.     Notwithstanding the foregoing, USSIC may retain any Confidential Information as reasonably necessary to comply with future requests for review by reinsurers, auditors and regulators, or as necessary to exercise or enforce any subrogation rights or as necessary to meet other business requirements.  When such retention is no longer needed, USSIC shall destroy the retained documents in accordance with its standard record destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any

governmental body or court order.  Further, notwithstanding paragraph 16, counsel of record for the parties may retain copies of any CONFIDENTIAL INFORMATION after the termination of this action, and said counsel shall continue to be bound by the terms of this Order.

18.    This Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

19.    Nothing in this protective order shall operate to require disqualification of counsel in any future litigation.

20.    The Court may modify this protective order in the interests of justice or for public policy reasons.


IT IS SO ORDERED.


DATED:   December 7, 2015

_____
Hon. Douglas F. McCormick
United States Magistrate Judge